**Kenneth A. MANDEL, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 11–72652.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 19, 2012.

Kenneth A. Mandel, San Anselmo, CA, pro se.

Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, Steven Kiyoto Uejio, Tamara W. Ashford, Deputy Assistant Attorney General, John A. Dicicco, Acting Assistant Attorney General, Bruce R. Ellisen, U.S. Department of Justice, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent–Appellee.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Kenneth A. Mandel appeals pro se from the Tax Court's decision denying his request for litigation and administrative

costs under 26 U.S.C. § 7430. We have jurisdiction under 26 U.S.C. § 7482(a). We review for an abuse of discretion. *Huffman v. Comm'r*, 978 F.2d 1139, 1143 (9th Cir.1992). We affirm.

The Tax Court did not abuse its discretion in determining that Mandel was not the prevailing party because the Commissioner's position on the accuracy-related penalty for tax year 2005, for negligence under 26 U.S.C. § 6662(a), was substantially justified, given Mandel's failure to turn over his contemporaneous basis workpapers until seven months after he filed his petition for review. *See* 26 U.S.C. § 7430(c)(4)(B)(i) (a party is not a "prevailing party" if the Commissioner's position was substantially justified); 26 C.F.R. § 301.7430–5(c)(1) ("A significant factor in determining whether the position of the Internal Revenue Service is substantially justified as of a given date is whether, on or before that date, the taxpayer has presented all relevant information under the taxpayer's control ... to the appropriate Internal Revenue Service personnel.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.